IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIEGO M. COYAGO<br>857 N. Halstead Street,<br>Allentown, PA 18109<br><br>*Plaintiff*,<br><br>v.<br><br>ALLIED UNIVERSAL<br>SECURITY SERVICES, LLC<br>d/b/a Allied Universal<br>161 Washington Street, Suite 600,<br>Conshohocken, PA 19428<br>   and<br>UNIVERSAL PROTECTION<br>SERVICES, LLC<br>161 Washington Street, Suite 600,<br>Conshohocken, PA 19428<br><br>*Defendants*. | CIVIL ACTION<br><br>No.:_____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Diego Coyago, by and through his undersigned counsel, hereby avers as follows:

### I.   INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendants of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), and the Pennsylvania Human Relations Commission

("PHRA").[1] Plaintiff was unlawfully terminated from his employment by Defendants and he suffered damages more fully described/sought herein.

## II.     JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants' residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and the ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff recognizes that one (1) full year has not elapsed from the dual filing of his EEOC Charge with the Pennsylvania Human Relations Commission ("PHRA"). Unless Defendants waive administrative exhaustion (as is common for expediency) under the PHRA, Plaintiff identifies within the Introduction Section *for notice purpose only* that he will amend his instant lawsuit to include claims under the PHRA. Such claims would mirror identically his federal claims already pursued herein. PHRA claims are omitted from a Count section for the time being for this reason.

### III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendants are an enterprise which operates through more than 100,000 personnel, and functions as one of the largest security and facility services providers in the United States.

9. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants effective on or about March 10, 2023 as a Security Guard and was employed in that role for more than two (2) years before being unlawfully terminated on or about June 19, 2025.

13. Although Defendants are headquartered in the above-referenced address, Plaintiff worked at a third-party location (as do all security guards) at 7231 Windsor Drive, Allentown, PA 18106, providing security services for PPL Electric Utilities Corp ("PPL").

14. The management that Plaintiff primarily reported to included Jhon Canavo ("Canavo") and Victor Koszi ("Koszi").

15. Throughout Plaintiff's employment with Defendants, he was a hard-working employee who performed his job well, without any significant performance or disciplinary deficiencies.

16. Unfortunately, however, Plaintiff has and continues to suffer from various disabilities, including but not limited to issues pertaining to his prostate and bladder, which have required medical treatment, medication and surgery.

17. These medical conditions at times limit Plaintiff's ability to perform some daily life activities, including but not limited to working, lifting, regulating bowel and bladder functions, and performing manual tasks.

18. At all relevant times, Plaintiff kept his management well apprised of his health conditions and related needs.

19. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job very well with Defendants, but at times required reasonable accommodations.

20. By way of example, Plaintiff had informed his management on several occasions during his last approximate six (6) months of employment that he was having ongoing health

problems, was sometimes in pain, was treating with physicians, and may need periodic time off from work.[2]

21. For instance, as Plaintiff was having ongoing bladder and other complications, Plaintiff had his prostate removed and missed nearly a week of work in December of 2024.

22. Furthermore, on or about Saturday, June 14, 2025, Plaintiff required emergency care at a hospital due to severe renal and kidney problems, which Plaintiff informed Defendants' management of when he was admitted.

23. Plaintiff was hospitalized for five (5) nights before being released on or about Thursday, June 19, 2025.

24. Per medical documentation from "St. Luke's University Health Network", Plaintiff was released to resume working on "6/20/25."

25. Plaintiff was also prescribed approximately five (5) medications to take upon hospital release.

26. The same day as his release from the hospital, on or about June 19, 2025, however, while Plaintiff was at a pharmacy getting medical prescriptions filled as he had just been released from an extremely serious medical episode requiring a 5-day hospitalization, he was contacted by Kozsi.

---

[2] Missing periodic time off from work is a well-established reasonable medical accommodation. *See e.g. Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 525 (E.D.N.Y. 2018) ("[T]he Court finds [plaintiff] to be qualified within the meaning of the ADA with the reasonable accommodation of intermittent leave."); *Hall v. Wash. Metro. Area Transit Auth.*, 2020 U.S. Dist. LEXIS 183477, *36 (D.D.C. 2020)(counting disability-related absences against plaintiff can constitute denial of a reasonable accommodation); *Westbrooks v. Baltimore Cty.,* 2019 U.S. Dist. LEXIS 140647, *34 (D. Md. 2019)(reasonable jury could conclude employer failed to consider reasonable accommodation of absenteeism for employee). In fact, missing very long periods of medical leave are also reasonable accommodations. *See e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F.Supp.2d 694 (E.D. PA 2010)(time off from work, even up to 3 months can constitute a reasonable accommodation under the ADA); *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004)(federal courts have permitted leave to be a reasonable accommodation under the ADA); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999)(time off from work for an extended period of time is a reasonable accommodation under the ADA).

27. Kozsi abruptly informed Plaintiff that he was terminated, and when Plaintiff asked why, Kozsi said that it was because Defendants needed someone dependable who can show up to work; a direct reference to Plaintiff's disabilities and need for related medical accommodations.

28. Therefore, Plaintiff was terminated (and not assigned to any other locations) as a direct result of his disabilities and his request for and utilization of accommodations.

29. Moreover, Plaintiff was not provided with individualized notifications of his rights under the Family and Medical Leave Act ("FMLA") or designed as using FMLA-protected time off from work despite such time qualifying as such from December 2024 through June 2025.

30. Therefore, Defendants also interfered with Plaintiff's rights under the FMLA and retaliated against him for utilizing FMLA qualifying medical leave.

31. Plaintiff therefore believes and avers that he was terminated (1) because of his known, perceived, and/or record of disabilities; (2) in retaliation for requesting/utilizing reasonable medical accommodations and/or FMLA qualifying leave; and (3) to prevent him from taking additional leave for his conditions in the future.

**First Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as amended ("ADA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected his ability to perform some daily life activities, as outlined above.

34. Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

35. Plaintiff requested reasonable accommodations from Defendants, including intermittent absences and leave from work.

36. Plaintiff was terminated while he was on a medical leave, shortly after notifying Defendants' management of his need for accommodations for his disabilities, for the stated purpose of needing someone more reliable.

37. Plaintiff believes and therefore avers that (1) his known and/or perceived disabilities; (2) his record of impairment; and/or (3) his requested accommodations were motivating/determinative factors in the termination of his employment with Defendants.

38. Defendants failed to properly accommodate Plaintiff, by: (a) failing to engage in the interactive process; (b) denying Plaintiff's requests for reasonable accommodations; and (c) terminating Plaintiff after requesting/utilizing reasonable medical accommodations.

39. These actions as aforesaid constitute discrimination and retaliation violations of the ADA, as amended.

### Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Defendants are defined as employers under the FMLA and are subject to its requirements.

42. Plaintiff was in all respects FMLA eligible, employed more than 1 year, and he had worked at least 1,250 hours in the current or preceding year.

43. Plaintiff sought intermittent leave that was FMLA qualifying, Defendants failed to give him notification of his rights or to designate his leave as FMLA leave as required, and he was terminated for seeking or utilizing such leave for entirely pretextual reasons and/or to prevent him from continuing to utilize such leave in the future.

44. These actions constitute interference and retaliation under the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination or retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, pension or other benefits;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated and/or punitive damages for Defendants' malicious and reckless conduct as outlined in this lawsuit;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G. Plaintiff is to receive a trial by jury as set forth in the caption of this lawsuit.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: November 25, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Diego M. Coyago | : | CIVIL ACTION |
| v. | : | |
| Allied Universal Security Services, LLC d/b/a Allied Universal, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 11/25/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COYAGO, DIEGO M.

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
ALLIED UNIVERSAL SECURITY SERVICES, LLC D/B/A ALLIED UNIVERSAL, ET AL.
County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CIVIL RIGHTS**
- [X] 445 Amer. w/Disabilities - Employment

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)
Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/25/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____